**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sharon Pizarro, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>Quinstreet PL Inc. d/b/a AmOne, a California corporation,<br><br>Defendant. | Case No.: 1:21-cv-10139<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE** |

## INTRODUCTION

1. Plaintiff Sharon Pizarro ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Quinstreet PL Inc. d/b/a AmOne ("AmOne" or "Defendant"), in negligently and/or willfully using prerecorded messages to call Plaintiff on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges the following upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. Defendant operates under the names AmOne and GuideToLenders and is a wholly-owned subsidiary of QuinStreet, Inc. a publicly traded company.[1]

3. Defendant offers debt consolidation, auto and home improvement loans to consumers and charges an interest rate and/or other fees for doing so.[2]

4. Defendant also uses prerecorded messages to individuals' telephones numbers without first obtaining the required express written consent.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Westchester County, New York.

9. Defendant is a corporation whose principal office is located in California. Defendant directs, markets, and provides its business activities throughout the state of New York.

## FACTS

---

[1] amone.com/personalloans/leah/info/disclosures.html

[2] AmOne.com

10. On or about November 13, 2021, Defendant caused a prerecorded voice message to be transmitted to Plaintiff's cellular telephone number ending in 5392 ("5392 Number") from the telephone number 914-202-4574.

11. The prerecorded messages included a prerecorded voice which identified itself as calling from "Amone" and asked Plaintiff to call Defendant back at "855-211-2530". The message said that the caller would like to "help" with Plaintiff's "financial situation".

12. At the time Plaintiff received these prerecorded voice messages Plaintiff was the subscriber and/or sole user of the 5392 Number.

13. Defendant's prerecorded message calls constitute telemarketing/advertising because their purpose was to promote Defendant's business, goods and services.

14. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted for marketing purposes by prerecorded messages.

15. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district using its business names of AmOne and/or GuideToLenders.

16. Plaintiff is not the only person who has received these prerecorded messages from Defendant and its brands AmOne and GuideToLenders as shown below:



(855) 211-2530 HIGH RISK

[3]

**Scam Protection**

YouMail users report this number may be a scam.

NORTH AMERICA

Google

US

Loan Servicing Scam

Get All Info on 855-211-2530

Typical Messages

Hi, this is Natalie. Hi, this is Natalie from Geico lenders. Again, we haven't been able to get in contact with you. I'd like to help you with your financial request, but this may be my last call as I haven't been able to get a hold of you if you want to call me back you can reach me at 855-211-2530 hope to speak with you soon.

Hi there. Hi, there. This is Natalie with M one again, I'd like to help you with your financial request, but it looks like I missed you please give me a call back at your soonest convenience at 855-211-2530 hope to speak with you soon.

Hi, this is Natalie calling from Geico lenders. Regarding your recent personal loan request for a quick review of your file will come to that we can assist you please call us back at 855-211-2530, anytime before 8:00 PM eastern time today, thanks talk to you soon.

Hi this is Alison calling from M1 regarding your recent loan request after a quick review of your file we're confident we can assist you. Please give us a call back at 1-800-781-5187 anytime before 9:00 PM Eastern. That's 1-800-781-5187. Thanks talk to you soon.

[4]

---

[3] directory.youmail.com/directory/phone/5619480629

[4] directory.youmail.com/directory/phone/8552112530

Hello. Hello. Hi, my name is Ed. Hi, this is Natalie with M one I received your request and I'd like to help you with your financial situation. Please call me back as soon as possible.

Hi this is hi this is Natalie with M1. I'd like to help you with your financial request but I can't seem to connect with you. This will be the last time that I call so if you wanna call me back please reach me at 855-211-2530. Hope to speak with you soon. Bye.

Hi this is hi this is Natalie with M1. I received your request and I'd like to help you with your financial situation. Please call me back as soon as possible. You can reach me at 855-211-2530. Hope to speak with you soon. Bye.

Typical Messages Mentioning (855) 211-2530

Hi, this is Natalie calling from Greenfield lenders. Regarding your recent personal loan request for a quick review of your file. We're confident we can assist you please call us back at 855-211-2530, anytime before 8:00 PM eastern time today, thanks talk to you soon.

Hi this. Hi, this is Natalie calling from Greenfield lenders. Regarding your recent personal loan request for a quick review of your file will come to that we can assist you please call us back at 855-211-2530, anytime before 8:00 PM eastern time today, thanks talk to you soon.

Hi, this is Natalie. Hi, this is Natalie from Geico lenders. Again, we haven't been able to get in contact with you. I'd like to help you with your financial request that this may be my last call as I haven't been able to get a hold of you if you want to call me back you can reach me at 855-211-2530 hope to speak with you soon.

[5]

[5] *Id.*


855-211-2530

BALTIMORE JOE
17 Feb 2015
0

Home Depot calling to see if need windows through a company called Quinstreet.
*Caller: Quinstreet/HOme Depot*
*Call type: Telemarketer*
Reply !

fedup
12 Jun 2015
0

I wish this people leave messages, they keep calling but do not leave any messages. VERY annoying. idiots..
*Call type: Telemarketer*
Reply !

S
2 Aug 2019 | 1 reply
0

Called yesterday and today. Claims to be Geico about a real estate loan.
*Caller: Claims to be Geico*
*Call type: Scam suspicion*
Reply ! [6]

SIR replies to S
25 Oct 2019
0

I too got a call from this number claiming to be Geico, about a loan, I thought they only did insurance
Reply !

Dallas
29 Oct 2019
0

They left a message and said "This is Guide to Lenders" wanted me to call back cause they can get me a loan.
*Caller: 8552112530*
*Call type: Scam suspicion*
Reply ! [7]

---

[6] 800notes.com/Phone.aspx/1-855-211-2530
[7] *Id.*



[8]

17. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

18. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

19. Plaintiff brings this case on behalf of the Class defined as follows:

> All persons in the United States who, within four years prior to the filing of this action, received a call using a prerecorded or artificial voice message regarding Defendant's property, goods, or services.

20. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

[8] *Id.*

21. Defendant and its employees are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**<u>NUMEROSITY</u>**

22. Upon information and belief, Defendant has sent prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

24. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

c) Whether Defendant's conduct was knowing and willful;

d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**<u>TYPICALITY</u>**

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiff and Class)**

30. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

31. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded

voice to any telephone number assigned to a … cellular telephone service ….” 47 U.S.C. § 227(b)(1)(A)(iii).

32. It is a violation of the TCPA regulations promulgated by the FCC to “initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.” 47 C.F.R. § 64.1200(a)(1)(iii).

33. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to “[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…” 47 C.F.R. § 64.1200(a)(2).

34. Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

35. Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

36. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

37. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knoQS.

38. As a result of Defendant’s conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. Id.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: November 30, 2021

Respectfully submitted,

**DAPEER LAW, P.A.**

/s/ Rachel Dapeer
Rachel N. Dapeer, Esq
SDNY Bar # 4995130
20900 N.E. 30th Ave., Ste. 417
Aventura, FL 333180
Email: rachel@dapeer.com
Telephone: 305-610-5223

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice* to be filed)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713